**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 07-581-PHX-SMM |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF DECISION** |
| ) | **AND ORDER** |
| vs. ) | |
| ) | |
| Angel Lopez Garcia, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is Defendant's unresolved motion for return of seized property (Dkt. 24). On February 1, 2008, Defendant moved for the return of seized property (Id.). The Government did not file any opposition, and the Court granted Defendant's motion (Dkt. 25, Order dated February 21, 2008). Defendant has never received the property. After intermittent briefing and hearings (Dkts. 26-35), the Court held an evidentiary hearing on March 10, 2009 (Dkt. 36). The parties were unable to resolve the matter, and the Court now issues the following ruling.

**BACKGROUND**

The following facts are not in dispute. Pursuant to a warrant issued for violations of supervised release, the United States Marshals Service ("U.S. Marshal") arrested Defendant on March 8, 2007. At the time of Defendant's arrest, the U.S. Marshal was conducting a joint task force operation with local law enforcement agencies in order to arrest fugitives. The local law enforcement agencies viewed Defendant as a person of interest for two

1   investigations: (1) a drug case and (2) a case involving the shooting of a Glendale, Arizona
2   police officer. Although the Government arrested Defendant under a federal warrant, the
3   local officers did not have a warrant for the uncharged local investigations.

4   During the arrest, the Government seized certain items from Defendant: a firearm,
5   two gold chains, two cellular telephones, and $4,470.00 cash (Dkt. 24, 2:13-14). The U.S.
6   Marshal seized and inventoried the items incident to Defendant's arrest, and not by way of
7   a seizure warrant or forfeiture proceeding.

8   On the night of Defendant's arrest, local police officers requested that certain items,
9   the cellular telephones and $4,470.00, be turned over to them as evidence in their
10  investigations. The U.S. Marshal turned over the cellular telephones and $4,470.00 cash to
11  the local police officers on March 13, 2007 and March 20, 2007, as indicated in Attachment
12  1 of Docket 31.

13  In this Court, Defendant admitted to a violation of his supervised release and pleaded
14  guilty to a charge of felon in possession of a firearm. The Court sentenced Defendant to 40
15  months imprisonment, consecutive to his 24-month sentence on a previous supervised release
16  violation. Pursuant to the written plea agreement, the Court ordered the forfeiture of the
17  firearm (Dkt. 23, Order dated January 23, 2008). Therefore, only the two cellular telephones,
18  two gold chains, and $4,470.00 cash are at issue here.

19  At the March 10, 2009 hearing, Deputy U.S. Marshal Eric Brown testified that
20  evidence, such as cellular telephones and cash, are often turned over to local law enforcement
21  agencies. Brown also testified that, except for a verbal request, there were no written or
22  other documentary requests seeking a release of the property from the U.S. Marshal to the
23  local police agencies, nor was he aware of any written memoranda of understanding among
24  task force agencies establishing a protocol for the transfer of seized property. Apparently,
25  informal transfers of this type are customary.

26  In declining to comply with the Court's order to return Defendant's property, the
27  Government contends that the property is not in its possession and the local agencies that
28  currently possess the property are beyond this Court's jurisdiction.

1 **DISCUSSION**

2 Both sides to this dispute rely heavily on U.S. v. Martinson, 809 F.2d 1364 (9th Cir.
3 1987). In Martinson, the Ninth Circuit addressed the return of seized property on
4 jurisdictional grounds and on the merits. See id. The Court will analyze this dispute under
5 the Ninth Circuit's framework by addressing jurisdiction first and the merits second.

6 **I. Jurisdiction**

7 When there are no pending criminal proceedings against a defendant, a district court
8 has jurisdiction over motions to return seized property. Id. at 1366-67; United States v.
9 Palmer, 565 F.2d 1063, 1064 (9th Cir. 1977) (asserting jurisdiction over a post-conviction
10 motion to return property). The court treats such motions as civil equitable proceedings, and
11 "the court must take into account all equitable considerations." Id. at 1367 (citations
12 omitted). Moreover, the court has the power to award damages in these proceedings. See
13 id. at 1368.

14 "Once a court of equity has asserted jurisdiction over a motion to return property, it
15 maintains its jurisdiction as long as necessary to provide an adequate remedy to the movant."
16 Id. In Martinson, the Ninth Circuit determined that the government should not be able to
17 destroy jurisdiction by its own conduct. Id. Among its sources, the Ninth Circuit cited three
18 persuasive cases in which the court addressed whether it had jurisdiction. In each case, the
19 court found it irrelevant to jurisdiction that the government did not possess the money or had
20 given it to the state. Id. at 1368-69 (citing United States v. Francis, 646 F.2d 251, 262-63
21 (6th Cir. 1981); United States v. Wright, 610 F.2d 930, 938 (D.C. Cir. 1979); United States
22 v. Wilson, 540 F.2d 1100, 1104 (D.C. Cir. 1976)). Furthermore in Martinson, the Ninth
23 Circuit referred to the government's "continued possession" of the property, even though it
24 was clear that the government had destroyed the property during the appeal process. Id. at
25 1369.

26 In a footnote in Martinson, though, the Ninth Circuit seemingly suggested two
27 possible exceptions to the court exercising jurisdiction over a motion to return property. The
28 relevant exception noted that Martinson was "not a case in which . . . the government has

1 turned the property over to state officials for use as evidence in a state proceeding." Id. at
2 1369 n. 3 (citations omitted).

3 Here, the parties argue that this dispute turns on the footnote in Martinson. While the
4 Martinson court did not expressly contemplate a situation such as the one before the Court,
5 the Ninth Circuit apparently indicated that an exception to jurisdiction may occur when "the
6 government has turned the property over to state officials *for use as evidence in a state*
7 *proceeding*." Id. (emphasis added). Implicit in this statement is that the property will
8 actually be used as evidence in a state proceeding.

9 The Government has presented two chain of custody forms for the seized property
10 (Dkt. 31, Attach. 1). The forms indicate that Deputy U.S. Marshal Brown relinquished the
11 $4,470.00 cash to Phoenix Police Department ("Phoenix P.D.") Detective Nick DePonzio
12 on March 13, 2007 and the two cellular phones to Phoenix P.D. Detective Jerry Laird on
13 March 20, 2007 (Id.). The purpose listed on the chain of custody forms is "Evidence" (Id.).
14 Despite this, the Government has produced no evidence that it turned the property over for
15 use as evidence in a state proceeding. The Government has only produced considerable
16 speculation about why it turned over the property. The Government has only made
17 statements in Court that the property is the proceeds of some illicit operation, but these
18 statements are not admissible evidence. The Government has produced no affidavits or
19 testimony that the state will be using this property as evidence, nor have any criminal charges
20 been filed against Defendant. Even if the Government produced evidence to support its
21 statements, the proffered evidence would have cast doubt on the Government's claim and
22 would not have overcome the Court's equitable considerations. At the recent evidentiary
23 hearing, the Government stated that Defendant is no longer a person of interest in the
24 shooting of the Glendale, Arizona police officer. With regards to the drug investigation, the
25 state charged Defendant with using a wire communication in connection with a drug-related
26 transaction. The alleged wire communication took place on or about February 7, 2008,
27 though, which is about 11 months after Defendant's March 8, 2007 arrest under the federal
28 warrant. The Government does not dispute that there is no pending state proceeding against

- 4 -

Defendant for which the property seized on March 8, 2007 is evidence. The Government simply has not shown that its reason for transferring the property was for use as evidence in a state proceeding. Therefore, the exception in Martinson does not apply here. As such, the Court exerts jurisdiction in this equitable proceeding.

## II.    **Merits**

As the Court has jurisdiction in this proceeding, it must address the merits of Defendant's claim. For motions to return property, the Ninth Circuit has clearly set forth the burden of proof:

> [W[hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or, as here, the government has abandoned its investigation, the burden of proof changes. The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property . . . even if the seizure was lawful the government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture.

Martinson, 809 F.2d at 1369 (citations omitted).[1] The government may also show "a legitimate reason to retain the property" by demonstrating "a cognizable claim of ownership or right to possession adverse to that of the defendant." United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993) (quoting Palmer, 565 F.2d at 1065) (brackets omitted).

Here, the Government lawfully seized the property incident to arrest. Regardless of the seizure's lawfulness, the Government no longer needs the property in question for evidentiary purposes because Defendant pleaded guilty. See Martinson, 809 F.2d at 1369. Therefore, Defendant no longer bears the burden of demonstrating that he is entitled to lawful possession of the property. See id. He is presumed to have a right to its return. See id. As such, the Government must justify its "continued possession" of the property by

---

[1] Unlike its earlier counterpart, Rule 41(g) of the Federal Rules of Criminal Procedure no longer states that a person must show he is "entitled to lawful possession of the property." Fed. R. Crim. P. 41(g). Regardless, the amendments to the rules do not appear to affect the analysis under Martinson. Indeed, the 1989 Amendments noted that "[c]ourts have recognized that once the government no longer has a need to use evidence, it should be returned." Id. (citing Wilson, 540 F.2d 1100).

- 5 -

1 demonstrating a legitimate reason to retain the property, such as it is contraband, subject to
2 forfeiture, or the Government has a right to possession adverse to Defendant. See id.; Mills,
3 991 F.2d at 612.

4 The Government has not claimed ownership or argued it has a right to possession
5 adverse to Defendant. Furthermore, the Government has not demonstrated that the property
6 is contraband or subject to forfeiture in this, or any other, proceeding. After Defendant
7 pleaded guilty and the Court sentenced him, Defendant forfeited the firearm to the
8 Government under the terms of his plea agreement and this Court's Order dated January 23,
9 2008. With regards to the gold chains, cellular phones, and $4,470 in cash, though, the
10 Government has not shown they are contraband or subject to forfeiture in these proceedings.
11 Furthermore, as noted, the Government has not demonstrated that the state is using the
12 property as evidence in a proceeding. In its briefing, the Government relies on the
13 ambiguous statement that "[c]ounsel for the United States has been informed that the
14 property is the subject of plea negotiations in other matters the defendant stands charged with
15 in state court" (Dkt. 35, 3:8-10). During the March 10, 2009 evidentiary hearing, though, the
16 government produced no affidavits or testimony from the local law enforcement agencies that
17 the property is being used as evidence. The Government's assurances without any evidence
18 presented simply does not meet its burden of proof. See Martinson, 809 F.2d at 1370.
19 Because the Government does not have a legitimate reason to retain the property, the
20 Government must return the property.

21 Based on the chain of custody forms, the Court finds that the two cellular telephones
22 and $4,470.00 cash are now in the possession of state authorities (Dkt. 31, Attach. 1).
23 Therefore, the Court will order monetary damages as equitable relief. The Court orders the
24 seizing authority, namely the U.S. Marshals Service, to pay $4,470.00 to Defendant. In
25 addition, the Court orders the U.S. Marshals Service to pay $100 for the value of the two
26 cellular telephones. With regards to the two gold chains, on May 16, 2008, the Government
27 notified the Court "that the U.S. Marshal's Office has the gold colored jewelry chain" (Dkt.
28 31, 1:26-28). In addition, Deputy U.S. Marshal Brown informed defense counsel that they

1  would release the jewelry to him if he scheduled an appointment (Id.). The Court is unaware
2  of the gold jewelry's whereabouts. Therefore, the Court orders the U.S. Marshals Service
3  to return the jewelry, if it has not yet done so.

4        While the Court does not wish to impede future cooperative ventures between state
5  and federal agencies, the Court gave the Government numerous opportunities to show a
6  legitimate reason for retaining the property. The Government's counsel failed to respond in
7  an appropriate and timely fashion. Furthermore, the Government produced no admissible
8  evidence that the property is being used as evidence in a state proceeding. Reassurances
9  from the Government's counsel is not admissible evidence. Moreover, Deputy U.S. Marshal
10 Brown testified that there were no written or other documentary requests seeking a release
11 of the property from the U.S. Marshals Service to the local police agencies, nor was he aware
12 of any written memoranda of understanding among task force agencies establishing a
13 protocol for the transfer of seized property. If repeated, the manner in which the Government
14 transferred Defendant's property to local law enforcement could conceivably implicate Fifth
15 Amendment considerations, if not Fourth Amendment ones. How the Court's ruling today
16 affects considerations for future cooperative investigations will be left for another day.

## CONCLUSION

18       The U.S. Marshals Service is a mere stakeholder in the seizure. In the spirit of
19 cooperation with a state agency, the U.S. Marshal turned over the money and cellular
20 telephones because Defendant was a person of interest in state investigations. Yet despite
21 the passage of almost a year, no charges have been filed. More important, however, the
22 Government was given ample opportunity to produce evidence to justify the use of the seized
23 property as evidence in state proceedings; it did not. In fact, at the recent evidentiary
24 hearing, the Government's counsel informed the Court that he had anticipated witnesses
25 would appear and offer evidence that the seized property had evidentiary value; they did not.
26 Thus, the Government has failed to demonstrate that the transfer of the property came within
27 the Martinson exception. Furthermore, the Government failed to justify its continued

1  possession of the property.  Regretfully, it is the stakeholder who must return the property
2  rather than the current possessor.
3  Accordingly,
4      **IT IS HEREBY ORDERED** that the U.S. Marshals Service shall pay **$4,570.00** to
5  Defendant for the value of the cash and cellular phones.
6      **IT IS FURTHER ORDERED** that the U.S. Marshals Service shall return the gold
7  jewelry to Defendant, if it has not yet done so.
8      **IT IS FURTHER ORDERED** that the U.S. Marshals Service shall comply with
9  these orders by **May 15, 2009**.
10      DATED this 13th day of April, 2009.

*[signature]*
Stephen M. McNamee
United States District Judge